UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIM. NO. 3:00CR263 (JCH) |
| VS. | : |
| | : |
| TODD SUMMERVILLE | : December 27, 2007 |

**DEFENDANT'S SUPPLEMENTAL RESENTENCING MEMORANDUM**

This case is pending a determination, under the principles of United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), whether the Court would have sentenced defendant to a non-trivially different term of imprisonment had it been clear that the Sentencing Guidelines were advisory at the time of the sentencing. Defendant submits this memorandum to bring two additional matters to the Court's attention, both of which weigh heavily .

First, in Kimbrough v. United States, 2007 WL 4292040 (Dec. 10, 2007), the Supreme Court recently held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." Id. at *18. Further, in Rita v. United States, 127 S. Ct. 2456, 2465 (2007), the Court stated that a district court may consider arguments that "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations." Both these cases weigh in favor of a materially different sentence.

Second, this is a cocaine base case – one involving less than 50 grams. It appears that the now-retroactive amendment to those guidelines would apply to this case, U.S.S.G. § 2D1.1, once it becomes effective. However, based on initial review the amendment apparently will not work to reduce offense levels for so-called "career offenders" like the defendant – even those with low quantities. The flaw in the science behind the differential treatment of crack and powder cocaine, which led to the statutory maximum in this case, directly drove the Sentencing Commission's adoption of the career offender offense level of 34, since the offense level was based solely on the statutory maximum. This is another factor that the Court may properly consider in determining that it would sentence defendant to a materially different sentence, since the Guideline determination leads to a sentence greater than necessary to achieve the purposes of § 3553(a).

    THE DEFENDANT

By_____
William M. Bloss, No. ct01008
Koskoff Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
TEL: 203-336-4421
FAX: 203-368-3244
email: bbloss@koskoff.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 27th day of December 2007, to all counsel and pro se parties of record, as follows:

Paul Murphy, Esquire
Assistant U.S. Attorney
915 Lafayette Blvd.
Bridgeport, CT 06604

                                                                    _____
                                                                          William M. Bloss