UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO.  3:00CR263(JCH) |
| | : | |
| v. | : | |
| | : | |
| TODD SUMMERVILLE | : | February 19, 2008 |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID
OF POST-*CROSBY* PROCEEDINGS ON REMAND**

The United States of America, through the undersigned Assistant United States Attorney, files this supplemental memorandum to address briefly the arguments made by the defendant, Todd Summerville, in his supplemental memorandum in connection with the pending *Crosby* remand proceeding.  In his supplemental memorandum, the defendant argues that the Court should re-sentence him based on the Supreme Court's recent decisions in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Rita v. United States*, 127 S. Ct. 2456 (2007), as well as on the recent amendments to the U.S. Sentencing Guidelines as applied to offenses involving cocaine base ("crack").  Neither argument should result in a resentencing here, as the defendant was properly sentenced as a career offender under U.S.S.G. § 4B1.1, making rather than under the (recently-amended) drug quantity tables.

**The Recent Amendments to the Guidelines Concerning Cocaine Base**

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines provided for under U.S.S.G. § 2D1.1(c).  The amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine

offenses.[1]  In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses.  The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  *See* U.S.S.G., Supplement to App. C, Amend. 706.  Previously, the Commission had set the crack offense levels in section 2D1.1 above the range which included the mandatory minimum sentence.  Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties.

On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

## Recent Supreme Court Decisions

As a general matter, the Supreme Court's recent holdings in *Rita* and *Kimbrough* address the degree to which a sentencing court has discretion to conclude that, in a particular case, the sentence called for under the Sentencing Guidelines does not properly reflect the sentencing factors set out in 18 U.S.C. § 3553(a).  *See Kimbrough*, 128 S. Ct. at 575; *Rita*, 127 S. Ct. at 2465.  Indeed, in *Kimbrough*, the Supreme Court recognized specifically that "it would not be an

---

[1]  Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in the mine-run case." *Kimbrough*, 128 S. Ct. at 575.

**Resentencing is Not Appropriate Because the Defendant Was a Career Offender**

As noted above, the defendant's sentence here was based on the fact that he was deemed a career offender under U.S.S.G. § 4B1.1. A career offender sentence is controlled by the statutory maximum sentence, rather than the Guidelines relating to drug quantity. Accordingly, the Guidelines considerations addressed in the Supreme Court's decision in *Kimbrough* are inapplicable here. *See United States v. Jimenez*, 512 F.3d 1, 8-9 (1st Cir. 2007). As a career offender, the defendant's sentence was driven by the statutory maximum mandated by Congress combined with the congressional desire for career offenders to receive sentences at or near the statutory maximum. *See* 28 U.S.C. § 994(h); *Kimbrough*, 128 S. Ct. at 571 ("Congress has specifically required the Sentencing Commission to set Guidelines sentences for serious recidivist offenders 'at or near' the statutory maximum.") (citing 28 U.S.C. §§ 994(h), 994(i)).

Here, the statutory maximum penalty of 40 years resulted in a career offender guideline range of 188 to 235 months of imprisonment. As noted in the government's opening memorandum, the Court's sentence reflected its concern that the defendant's prior record of convictions and incarceration had failed to prevent him from engaging in further criminal conduct. Nothing in the Supreme Court's holdings in *Rita* and *Kimbrough* affects that conclusion. The defendant's prior record should remain the driving force behind his sentence.

Similarly, the recent amendments to the Guidelines addressing the crack/powder disparity are inapplicable here and should not result in resentencing. Because the defendant's guideline

3

range was based on his status as a career offender, Amendment 706 is inapplicable.  For this very reason, the defendant would not be entitled to relief even if he were to proceed by way of a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[2]

Section 3582(c)(2) permits a sentencing court to reduce a defendant's sentence when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  In its revisions to section 1B1.10, the Sentencing Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  Courts have agreed that where application of the pertinent Guidelines amendment does not result in a different sentencing range, no sentence reduction may occur.  *See United States v. Lowe*, 2008 WL 320947 (S.D. Ohio, February 4, 2008) (amendments to cocaine base Guidelines do not merit resentencing under 18 U.S.C. § 3582(c)(2) where the amendments would not change a defendant's guideline range); *see also United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required

---

[2] The Government takes the position that Amendment 706 also would not apply to a case in the procedural posture of this one – i.e., on a limited remand from the court of appeals for the specific purpose of deciding whether the sentencing court would have imposed a materially different sentence had the Guidelines been advisory at the time of sentencing.  But this Court need not resolve whether the posture of this case alone would make Amendment 706 inapplicable here.  Such a question is academic given the fact that Amendment 706 would not change the defendant's career offender guideline range.

4

the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); *United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); *United States v. Young*, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

<u>**CONCLUSION**</u>

For all these reasons, as well as the reasons set forth in the government's opening memorandum in this matter, the Court should conclude that there is no reason to resentence the defendant.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/S/
PAUL A. MURPHY
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT26654
UNITED STATES ATTORNEY'S OFFICE
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CT 06604
(203) 696-3000
(203) 579-5575 (fax)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I caused a copy of the foregoing to be sent to the following by first-class mail on February 19, 2008:

William M. Bloss, Esq.
Koskoff Koskoff & Bieder
P.O. Box 1661
Bridgeport, CT 06601

This is also to certify that a courtesy copy of the foregoing was hand-delivered on February 19, 2008 to:

The Hon. Janet C. Hall
United States District Judge
United States Courthouse
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

U.S. Probation Office
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

/S/_____
PAUL A. MURPHY
ASSISTANT UNITED STATES ATTORNEY